United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YAYHA HIDAIS,

                Plaintiff,

    v.

DARIAN PORTER, et al.,

               Defendants.

NO. C09-0512 TEH

ORDER DISMISSING CASE

      Plaintiff Yayha Hidais filed this action on February 4, 2009. Because it appeared from the face of the complaint that this Court lacked personal jurisdiction over Defendants and that venue was not proper in this district, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for lack of personal jurisdiction and/or improper venue. Feb. 6, 2009 Order to Show Cause. The Court ordered Plaintiff to respond in writing by February 20, 2009. *Id.* Plaintiff failed to file any response.

      Plaintiff's complaint asserts only state-law causes of action and purports jurisdiction based on diversity. Compl. ¶ 2. He asserts that venue is proper in this district because he resides here. *Id.* ¶¶ 3-4. However,

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Here, all Defendants are alleged to reside in Memphis, Tennessee, and Plaintiff alleges that the event giving rise to his complaint is a motor vehicle collision that occurred in Memphis. Compl. ¶¶ 5, 11. Thus, while it appears that venue may be proper in

the judicial district that includes Memphis, Tennessee, nothing in the complaint indicates that venue is proper in the Northern District of California. In addition, the Court construes Plaintiff's failure to respond to the February 6, 2009 Order to Show Cause as an admission that this Court is not the proper venue for Plaintiff's suit.

Plaintiff's complaint also failed to allege any facts as to why Defendants, all of whom are individuals believed to reside in Memphis, Compl. ¶ 5, would be subject to personal jurisdiction in California based on events alleged to have occurred in Memphis. The Court construes Plaintiff's failure to respond to the February 6, 2009 Order to Show Cause as an admission that no such facts exist, and that Defendants are not, in fact, subject to personal jurisdiction in this state.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is dismissed for both improper venue and lack of personal jurisdiction. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   02/24/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2