**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YAYHA HIDAIS,

        Plaintiff,

v.

DARIAN PORTER, et al.,

        Defendants.

NO. C09-0512 TEH

ORDER DENYING RULE 60(b) MOTION FOR RELIEF

This matter comes before the Court on Plaintiff Yayha Hidais's motion for relief, under Federal Rule of Civil Procedure 60(b), from this Court's February 24, 2009 order of dismissal. Having reviewed Hidais's moving papers, the Court finds oral argument to be unnecessary. The Court now VACATES the April 5, 2010 hearing date and DENIES the motion for the reasons discussed below.

**BACKGROUND**

Hidais, a resident in this district, filed this action against individuals alleged to be residents of Memphis, Tennessee, based on a motor vehicle collision that occurred in Memphis. The complaint asserted claims based solely on state law and alleged jurisdiction based on diversity. Because it appeared from the face of the complaint that this Court lacked personal jurisdiction over Defendants and that venue was not proper in this district, the Court ordered Hidais to show cause, on February 6, 2009, as to why this case should not be dismissed. The Court ordered Hidais to respond by February 20, 2009, but Hidais never filed any response to the order to show cause.

The Court subsequently considered the allegations in the complaint and determined that the case should be dismissed both for lack of personal jurisdiction and for improper venue. Defendants were all alleged to reside in another state, where all of the events giving

rise to this action allegedly occurred, and the complaint indicated no basis for jurisdiction over Defendants in this state. Accordingly, the Court dismissed this case on February 24, 2009. The Court heard nothing from Hidais until February 24, 2010, when he filed this motion for relief under Federal Rule of Civil Procedure 60(b).

**DISCUSSION**

Hidais seeks relief under Rule 60(b)(1), which allows relief based on "mistake, inadvertence, surprise, or excusable neglect." He contends that the motion is timely because it was filed within a year of the order of dismissal. However, the one-year period is an outside limitation under Rule 60(c)(1), which requires that a Rule 60(b)(1) motion be brought "within a reasonable time – *and* . . . no more than a year after the entry" of the challenged order. Fed. R. Civ. P. 60(c)(1) (emphasis added). Indeed, a court may deny a Rule 60(b)(1) motion, even if it was filed within the one-year period, if the moving party "was guilty of laches or unreasonable delay." *Meadows v. Dominican Republic*, 817 F.2d 517, 520-21 (9th Cir. 1987). Whether a motion is brought within a reasonable time "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

In this case, Hidais states that:

> After receiving the [February 6, 2009] order of the Court [to show cause], Plaintiff's attorney undertook to investigate the issues the Court raise[d] as to venue and jurisdiction, and to analyze the consequences of any potential corrections thereof. As stated herein above, while so doing, Plaintiff's attorney arranged, within his office, to calendar the date of the response; that calendaring effort was improperly done, and, as a result, the response date was missed and the dismissal order issued.

Mot. at 3-4. While a calendaring error might, in some circumstances, constitute a legitimate basis for relief under Rule 60(b)(1), waiting one year to seek such relief is simply unreasonable in this case. Hidais's counsel admits that he received the Court's order to show cause, which gave counsel two weeks to prepare a response. Even if counsel's office

2

United States District Court
For the Northern District of California

miscalendared the response deadline, it is inexplicable that counsel, who supposedly was researching the issues in question, would not have double-checked the deadline by reference to the order. It is simply unfathomable – and certainly unreasonable – that an attorney would conduct research in response to a court's order to show cause and then let an entire year pass before considering that perhaps he had missed the response deadline due to a calendaring error. This is especially true where, as here, the Court issued an order dismissing the case shortly after the response deadline had passed. Accordingly, with good cause appearing, the Court DENIES as untimely Hidais's motion to set aside the February 24, 2009 order of dismissal.[1]

**IT IS SO ORDERED.**

Dated: 03/04/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Although this did not bear on the Court's analysis, the Court also notes that Hidais's proposed amendment – to add as a defendant an insurance carrier that is resident "within the present jurisdiction," Mot. at 2 – would eliminate diversity of citizenship and, therefore, Hidais's asserted basis for subject matter jurisdiction.

3